**UNITED STATES of America,
Plaintiff–Appellee,**

**v.**

**Ronald Lee DILLION, Defendant–
Appellant.**

**No. 00–5910.**

United States Court of Appeals,
Sixth Circuit.

June 19, 2001.

Before JONES, SUHRHEINRICH, and DAUGHTREY, Circuit Judges.

Ronald Lee Dillion appeals pro se from a district court judgment that resentenced him after his initial sentence was vacated on direct appeal. The parties have waived oral argument, and the panel unanimously agrees that oral argument is not needed in this case. Fed. R.App. P. 34(a).

In 1996, Dillion agreed to plead guilty to conspiring to possess a controlled substance. In exchange, the government promised not to bring other charges and to recommend an offense-level reduction for acceptance of responsibility. The agreement also contained the following provision:

> The defendant hereby agrees to fully cooperate with the United States in the further prosecution and/or investigation of the matters set forth in the Information herein and any and all related matters, including but not limited to testifying truthfully in any and all proceedings related thereto, if called as a witness therein.

In 1997, the government advised Dillion that the proposed plea agreement was void because he had not adequately cooperated in its investigation. Dillion subsequently moved to enforce the agreement when he was indicted on additional charges with his co-defendant, Dr. Gregory Wells. The district court conducted an evidentiary hearing, and denied this motion on October 30, 1997.

A jury later convicted Dillion of conspiring to obtain controlled substances, acquiring controlled substances by fraud or misrepresentation, and distributing or possessing a controlled substance for intended distribution. *See* 21 U.S.C. §§ 841(a)(1), 843(a)(3) *and* 846. He was initially sentenced to sixty-three months of imprisonment and three years of supervised release. However, the case was remanded on appeal, for further proceedings regarding the enforcement of Dillion's plea agreement. At that time, our court advised the district court as follows:

> On remand, the court should determine whether Dillion fully cooperated with the government according to the terms of the plea agreement, and not whether Dillion substantially assisted the government. In determining whether Dillion fully cooperated with the government, the court should look to the requirements of the agreement itself and not to additional promises that either Dillion or the government made during plea negotiations.

*United States v. Wells,* 211 F.3d 988, 996 (6th Cir.2000).

The district court held a hearing on remand and found that Dillion had not fully cooperated with the government as required by the agreement, because he had refused to give a statement to the police and had not surrendered all of the prescription pads that were involved in the offense. Thus, the court reimposed its prior sentence on June 22, 2000. It is from this judgment that Dillion now appeals.

Questions regarding the content of the plea agreement are questions of fact; this court reviews the district court's determination of those questions for clear error. However, whether ... conduct violated the agreement is a question of law that we review de novo.... Although the burden is on the government to show by a preponderance of the evidence that the defendant breached the agreement, a defendant who breaches a plea agreement forfeits any right to its enforcement.

*Id.* at 995 (citations and internal quotation marks omitted).

Dillion now argues that the district court improperly found that he had violated the agreement by using drugs. This argument is refuted by the court's written judgment which provides as follows:

The conclusion that the defendant failed to fully cooperate with the government as required by the plea agreement is based on the following facts. Although the defendant did provide some of the prescription pads of co-defendant Dr. Gregory Wells which were at issue in this action, he failed to provide all of them even though he was aware that said pads were very helpful to the prosecution's case. The defendant refused to wear a recording device, and he refused to permit his conversations to be tape recorded with state police officers. The defendant also admitted that his drug use prevented him from making statements to the police as he feared that being under the influence of narcotics may cause him to give incorrect statements.

Thus, the court did not rely on Dillion's drug use *per se.* Instead, it found that the decision to use drugs rendered him unable or unwilling to fully cooperate with the government. This finding is consistent with our directions on remand, as Dillion's cooperation was an express condition of the plea agreement.

■ Dillion also argues that the agreement did not anticipate full cooperation because it required the government to advise the sentencing court regarding the extent of his cooperation or lack thereof. This argument is unreasonable in light of the agreement's plain language, which required Dillion to "fully cooperate" with the government. Moreover, the government was only required to advise the court of his cooperation "if appropriate" and a violation of the agreement made it void "at the option of the United States." Thus, the government acted within its discretion by voiding the agreement.

■ Dillion argues that the district court improperly found that he breached the agreement by failing to surrender all of the prescription pads that he had obtained from Dr. Wells. He maintains that this evidence was cumulative and that he did not withhold it intentionally. However, it is undisputed that Dillion failed to surrender the pads, even though he knew they would be helpful to the government. Hence, he has not shown that the court committed clear error by finding that he breached the plea agreement's requirement that he cooperate fully with the government.

■ Finally, Dillion argues that he refused to give a statement to the police and refused to let them record his statement, because he was under the influence of drugs which may have caused him to give inaccurate information. However, Dillion has not shown that his continued drug use was involuntary. Thus, it appears that he had an opportunity to honor the plea agreement by cooperating with the government and that he chose instead to take an incapacitating amount of drugs prior to a scheduled meeting with investigators. The hearing testimony also indicates that

Dillion refused to participate in a covert investigation at that time. Under these circumstances, the court did not err by noting that his decision to take drugs resulted in a breach of the plea agreement.

Accordingly, the district court's judgment is affirmed.